IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATHAN C. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12-cv-75-MHT-WC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a veteran, filed a complaint in the District Court of Houston County, Alabama, naming Jennifer S. Marsden, M.D. as the defendant and seeking money damages. *See* Doc. 1. Plaintiff's complaint alleges that during a visit to a Veterans' Affairs ("VA") Clinic, Marsden "made a prejudice [sic] statement before check[ing] [his] body for VA disability rates, sa[ying] . . . I am not going to help you get a[n] increase in VA disability rates." Doc. 1-1 at 5. On January 11, 2012, the District Court of Houston County entered default judgment against Defendant Marsden in the amount of $1,500, plus court costs, for failure to answer or otherwise defend herself against Plaintiff's claim. Doc. 1-1 at 15-16.

On January 25, 2012, pursuant to 28 U.S.C. § 2679(d)(2), Plaintiff's action was removed from state court to this federal district court by motion of the United States, which contends that Marsden was acting within the scope of her employment as a physician of the United States Department of Veterans Affairs at the Central Alabama Veterans Health Care

System at the time of the incident out of which Plaintiff's claim arises. Doc. # 1 at 2.[1] The United States was substituted as party Defendant for Marsden. On that same day, the United States ("Defendant") filed a Motion to Set Aside Default Judgment (Doc. #3) and a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #4).

On January 27, 2012, the District Judge entered an Order (Doc. #5) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

On January 30, 2012, the undersigned entered an Order (Doc. #6) directing Plaintiff to file a response showing cause as to why Defendant's Motion to Set Aside Default Judgment and Motion to Dismiss should not be granted. Plaintiff did not file a response.

## I. DISCUSSION

### A.   *Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction" and, as such, they possess only the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, a federal court "should inquire into whether it has subject

---

[1] To its Notice of Removal and Substitution, the United States attached a Certification of Scope of Employment made by the United States Attorney for the Middle District of Alabama. Def.'s Ex. B (Doc. 1-2) at 2.

matter jurisdiction at the earliest possible stage in the proceedings" and, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### 1.  *Lack of Subject Matter Jurisdiction under the Veterans Judicial Review Act*

Defendant argues that, to the extent Plaintiff's cause of action involves a denial of benefits under a program administered by the Department of Veterans Affairs, subject matter jurisdiction over a complaint seeking to compel action of the Secretary of the Department of Veterans Affairs is within the exclusive jurisdiction of the Court of Appeals of Veterans Claims. Def.'s Mot. To Dismiss (Doc. #4) at 4. The court agrees with Defendant.

Plaintiff's central allegation involves an allegedly prejudicial statement made by a VA physician regarding Plaintiff's veteran disability benefit rates. On September 2, 2011, Plaintiff reported to the Dothan Clinic of the Central Alabama Veterans Health Care System for an appointment in connection with the determination of his service-connected disability compensation and pension benefits. Doc. 1-1 at 7. Thus, Plaintiff's claim is directly related to his veterans' disability benefits.

Claims concerning veterans' benefits are governed by 38 U.S.C. § 511. Section 511 is part of the Veterans' Judicial Review Act of 1988 ("VJRA"), which creates an exclusive review procedure of Veterans Affairs decisions affecting the provision of veterans' benefits. Section 511 provides:

(a) The Secretary shall decide all questions of law and fact necessary to a

3

> decision by the Secretary under a law that affects the provision or benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> (b) The second sentence of subsection(a) does not apply to-
> (1) matters subject to section 502 of this title;
> (2) matters covered by sections 1975 and 1984 of this title;
> (3) matters arising under chapter 37 of this title; and
> (4) matters covered by chapter 72 of this title.

38 U.S.C. § 511.[2]  "[U]nder the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board [of Veterans' Appeals], then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Hall v. U.S. Dept. of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996).

In short, this court lacks jurisdiction over any claim Plaintiff asserts related to his veterans disability benefits. *See, e.g.*, *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 656 (D.C. Cir. 2010) (recognizing that decisions as to disability compensation fall under the VJRA).

## 2. *Lack of Subject Matter Jurisdiction under the Federal Tort Claims Act*

Defendant also asserts that because Plaintiff's action appears to be an action against

---

[2] Subsection (b) is not applicable in this case because it pertains to judicial review of: (1) rules and regulations; (2) suits on government insurance policies; and (3) housing and small business loans.  Subsection (b)(4) allows judicial review of final decisions of the VA Secretary, but only through an established procedure.

the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* – alleging a tort as he seeks money damages for an injury caused by the negligent or wrongful act of an employee of the Government – Plaintiff's claim is due to be dismissed because Plaintiff failed to exhaust his administrative remedies, as required by 28 U.S.C § 2675(a), by filing an administrative claim with the appropriate federal agency. Def.'s Mot. (Doc. #4) at 1-2.

Plaintiff alleges he suffered damages when Dr. Marsden "made a prejudice statement before check[ing] [his] body for VA disability rates, sa[ying] . . . I am not going to help you get a[n] increase in VA disability rates." Doc. 1-1 at 5. Thus, Plaintiff is seeking money damages for an alleged injury caused by a negligent or wrongful act of a government employee. Therefore, Plaintiff would be required to exhaust his administrative remedies under 28 U.S.C. § 2675(a) prior to filing suit in this court. 28 U.S.C. § 2675(a); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994).[3]

The requirement that a claimant first file an administrative claim under the FTCA is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Suarez,* 22 F.3d at 1065-66. Plaintiff has failed to demonstrate that he has exhausted his administrative remedies with the appropriate agency as required by Section 2675(a). Accordingly, this court lacks subject matter jurisdiction over this claim. *See McNeil*, 508

---

[3] Title 28 U.S.C. § 2675(a) states that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

U.S. at 13 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.").

### B.     *Motion to Set Aside Default Judgment*

Defendant requests this court set aside the default judgment entered in favor of Plaintiff by the District Court of Houston County. Defendant cites Rule 60(b)(4) in support of its motion, contending that "[g]enerally, a judgment is void under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)." Def.'s Mot. (Doc. #3) at 2. Specifically, Defendant argues that "[t]he District Court of Houston County, Alabama was without subject matter jurisdiction over the instant complaint as it seeks to adjudicate a matter over which it lacks subject matter jurisdiction because Plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. 2675(a)." *Id.* In the alternative, Defendant argues that "the District Court of Houston County, Alabama was without subject matter jurisdiction over the instant complaint as it sought to adjudicate a matter within the exclusive province of the Secretary of the United States Department of Veterans affairs." *Id.* at 3.

A federal court must take a case as it finds it on removal. *Duncan v. Gegan*, 101 U.S. 810 (1880). *See also Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937) ("[W]hen a case is removed[,] the federal court takes it as though everything done in the state court had

in fact been done in the federal court."). If a state court has entered a final default judgment prior to removal, the defaulting party is not entitled to relief from the judgment as a matter of law. *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963). If the defaulting party desires relief, it must move to set aside the default pursuant to Federal Rule of Civil Procedure 60(b). *Edna H. Pagel, Inc. v. Teamsters Local Union 595*, 667 F.2d 1275, 1278 (9th Cir. 1982). Defendant has adequately filed its motion pursuant to Rule 55(c) and Rule 60(b) of the Federal Rules of Civil Procedure.

As discussed above, Plaintiff's complaint appears to present either a benefits-related claim, which is subject to the VJRA, or a tort claim against the United States, which falls under the jurisdiction of the FTCA. Accordingly, the court agrees with Defendant that the District Court of Houston County Alabama lacked subject matter jurisdiction over Plaintiff's claim. The Federal Tort Claims Act (FTCA) vests the federal courts with exclusive jurisdiction over claims against the United States. 28 U.S.C. § 1346(b). Moreover, judicial review of claims subject to the VJRA is available only by "appealing to the Board [of Veterans' Appeals], then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Hall*, 85 F.3d at 532, 534. Thus, claims falling under either the VJRA or the FTCA cannot be brought in state court.

Accordingly, the default judgment entered against Defendant by the District Court of Houston County Alabama is due to be set aside.

## II.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's Motion to Set Aside Default Judgment (Doc. #3) be GRANTED;

2. Defendant's Motion to Dismiss (Doc. #4) be GRANTED; and

3. This case be DISMISSED for lack of subject matter jurisdiction.

It is further

ORDERED that on or before **April 27, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this 13th day of April, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE